AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
Northern District of New York

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br>**v.** | )<br>)<br>)   Case No.   5:26-MJ-139 (ML)<br>)<br>) |
| **ANGEL QUINDE POMAQUIZA,**<br><br>**Defendant** | )<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.  On or about the date(s) of June 11, 2026 in the county of Jefferson in the Northern District of New York the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| 8 U.S.C. § 1326(a) | The defendant, an alien, native and citizen of Ecuador, after having been removed from the United States, entered, and was thereafter found in the United States without having obtained the express consent of the Attorney General of the United States, or their successor, the Secretary of the Department of Homeland Security, for reapplication for admission into the United States. |

This criminal complaint is based on these facts:
See Attached Affidavit

☒    Continued on the attached sheet.

JOSHUA N TODD
Digitally signed by JOSHUA N TODD
Date: 2026.06.15 13:36:53 -04'00'

_____
*Complainant's signature*

Joshua N. Todd, Supervisory Border Patrol Agent
_____
*Printed name and title*

Attested to by the affiant in accordance with Rule 4.1 of the Federal Rules of Criminal Procedure.

Date:    June 15, 2026

_____
*Judge's signature*

City and State:    Binghamton, New York

Hon. Miroslav Lovric, U.S. Magistrate Judge
_____
*Printed name and title*

## AFFIDAVIT

I, Joshua N. Todd, being duly sworn, depose and state that:

1. I am an Acting Supervisory Border Patrol Agent employed by the Department of Homeland Security, Customs and Border Protection, U.S. Border Patrol (USBP) and as such I am an "investigative or law enforcement officer" of the United States who is empowered by law to conduct investigations and to make arrests. I have been a Border Patrol Agent with USBP since 2010. I am currently assigned to the Wellesley Island Station, Buffalo Sector, NY where I investigate all federal administrative and criminal violations. As a Special Agent with the Department of the Army, Criminal Investigation Division (DACID) I participated in investigations of persons suspected of violating laws pertaining to United States Code Titles 18, 19, and 21, the Uniform Code of Military Justice (UCMJ), and applicable state statues. I have received training in digital evidence, crimes against persons, sexual assault, child assault, child sexual assault and death investigations. I have also investigated felony human and narcotics trafficking cases. I have gained pertinent knowledge as a Criminal Intelligence Analyst assigned to various task forces throughout Texas, Montana and New York State. I have gained training through the Criminal Investigation Training Program, DACID Special Agent Basic Training, U.S. Border Patrol Academy, and the U.S. Customs Academy.

2. The information contained in this affidavit is based on my personal knowledge obtained during the course of this investigation and on information conveyed to me by other U.S. Border Patrol Agents. Because this affidavit is being submitted for the limited purpose of

establishing probable cause for this complaint, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause for this complaint.

3. I submit this affidavit in support of a criminal complaint charging Angel QUINDE POMAQUIZA, with violating 8 U.S.C. § 1326(a), which prohibits any alien, that is, any person who is not a citizen or national of the United States, from re-entering or attempting to enter the United States after prior deportations.

4. On June 10, 2026, Patrol Agent in Charge (PAIC), of the Wellesley Island Border Patrol Station (WIB), Juan Di Bella, encountered a silver Ford F150 bearing New York license plate LVZ-3228.  This vehicle had been identified in previous investigations regarding illegal aliens and undocumented laborers.

5. The vehicle was parked at the Travel Inn on Arsenal Street in Watertown, New York, in Jefferson County approximately 30 miles from the Canadian border.  This location is known to members of WIB Targeting Unit as an area that is frequented by illegal aliens.

6. At approximately 7:05 a.m., PAIC Di Bella conducted a traffic stop on the vehicle to perform an immigration inspection of all occupants. Upon stopping the vehicle, four subjects immediately exited and fled on foot in various directions. PAIC Di Bella requested assistance, and WIB agents responded to the scene to assist with the search. A WIB K9 agent subsequently located and apprehended two of the subjects, one of which was QUINDE POMAQUIZA. The two remaining subjects were not located.  QUINDE POMAQUIZA was transported to WIB for processing.

7. In a post *Miranda* interview, QUINDE POMAQUIZA, stated that he was a citizen and

national of Ecuador and that he did not possess any immigration documents that would allow him to enter or remain in the United States legally. QUINDE POMAQUIZA was processed through biometric systems, and the following encounters were discovered three prior removals.  Specifically, on May 7, 2010, QUINDE POMAQUIZA was charged with 8 U.S.C. § 1326(B)(1), Illegal Re-entry and was removed from the United States via Newark, NJ on May 7, 2010.  On April 14, 2014, QUINDE POMAQUIZA was charged with 8 U.S.C. § 1326(B)(1), Illegal Re-entry and was removed from the United States via New Orleans, LA on July 14, 2014.  On June 7, 2016, QUINDE POMAQUIZA was charged with 8 U.S.C. 1326(B)(1), Illegal Re-entry and removed from the United States via Alexandria, LA on December 23, 2016.

8. QUINDE POMAQUIZA stated he was aware of his Prior Order of Removal having acknowledged in writing that fact on an I-867A (Record of Sworn Statement in Proceedings) from the aforementioned event.  QUINDE POMAQUIZA acknowledged that he had been formally deported, and that he had been barred re-entry into the United States.

9. A comprehensive query of databases maintained by United States Citizenship and Immigration Services showed QUINDE POMAQUIZA has not applied for, nor obtained permission, from the Attorney General or the Secretary of the Department of Homeland Security to reenter the United States after having been removed on December 23, 2016.

10. Based on the foregoing, your affiant respectfully submits that there is probable cause to believe that on or about June 10, 2026, within the Northern District of New York, QUINDE POMAQUIZA, an alien who was removed from the United States on or about December 23, 2016, was found in the United States without having obtained the express consent of

the Attorney General of the United States or the Secretary of the Department of Homeland

Security to re-apply for admission to the United States, in violation of Title 8, United States

Code, Section 1326(a).

ATTESTED TO BY THE APPLICANT BY VIDEOCONFERENCE IN ACCORDANCE
WITH THE REQUIREMENTS OF RULE 4.1 OF THE FEDERAL RULES OF CRIMINAL
PROCEDURE

JOSHUA N TODD
Digitally signed by JOSHUA N TODD
Date: 2026.06.15 13:37:50 -04'00'

Joshua N. Todd
Supervisory Border Patrol Agent

I, the Miroslav Lovric, United States Magistrate Judge, hereby acknowledge
that this affidavit was attested by the affiant by videoconference on June 15, 2026,
in accordance with Rule 4.1 of the Federal Rules of Criminal Procedure. __

Miroslav Lovric
United States Magistrate Judge